IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Cr. No. 6:03-1092-HMH |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| SCOTT E. KING, ) | |
| a/k/a "X-Man" ) | |
| ULYSSES HACKETT, III, ) | |
| a/k/a "Hack" ) | |
| BARRON JOHNSON, ) | |
| a/k/a "Bam Bam" ) | |
| CHARLES GAMBRELL, ) | |
| DAMIAN CAYSON, ) | |
| ADRIAN GAMBRELL, ) | |
| ELMARIO YOUNG, ) | |
| DERRICK BYRD, ) | |
| KENNETH GORDY, ) | |
| TREMAYNE K. GRAHAM, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the United States of America's motion for a preliminary order of forfeiture as to Kenneth Gordy ("Gordy"). Gordy has not responded to the motion. After a review of the pertinent law, the court denies the government's motion for a preliminary order of forfeiture.

**I. STATEMENT OF THE FACTS**

On October 20, 2004, pursuant to a plea agreement, Gordy pled guilty to conspiracy to possess with intent to distribute and distribution of 5 kilograms or more of cocaine and 50 grams or more of cocaine base, possession with intent to distribute 5 kilograms or more of cocaine, conducting financial transactions affecting interstate and foreign commerce involving

1

the proceeds of unlawful activity, and maintaining a stash house for storing and distributing 5 kilograms or more of cocaine. In his plea agreement, Gordy agreed to

> voluntarily surrender to, and not to contest the forfeiture by, the United States of America of any and all assets and property, or portions thereof, owned or purchased by the Defendant which are subject to the forfeiture pursuant to any provision of law and which are in the possession or control of the Defendant or Defendant's nominees.

(Plea Agreement ¶ 4.) On March 22, 2005, Gordy was sentenced to one hundred thirty-five (135) months' imprisonment. At sentencing, the government did not raise any issue regarding forfeiture. The court did not include forfeiture in its oral sentence of Gordy. Judgment was entered on March 31, 2005. The judgment is silent regarding forfeiture. (Judgment at 5.) On April 6, 2005, Gordy appealed the judgment. The government filed the instant motion on April 7, 2005, requesting the entry of a preliminary order of forfeiture of approximately four million dollars and amendment of the judgment to incorporate the preliminary order of forfeiture.

## II. DISCUSSION OF THE LAW

"Criminal forfeiture is a form of punishment designed to divest the criminal defendant of the profits of the illegal activity for which he has been convicted. As such, it is a part of the sentence rather than the substantive offense." United States v. Ferrario-Pozzi, 368 F.3d 5, 8 (1st Cir. 2004) (internal citation and quotation omitted). Rule 32.2 of the Federal Rules of Criminal Procedure sets forth the procedure for obtaining a judgment of forfeiture.

> Under [Rule 32.2(a) of the Federal Rules of Criminal Procedure], the court shall not enter a judgment of forfeiture unless the defendant first receives notice that the government will seek forfeiture of property as part of any sentence. Second, [under Rule 32.2(b)(1) and (b)(2),] the court must determine, as soon as is practicable following a finding of guilt on the substantive charges, what property is subject to

2

> forfeiture, and enter a preliminary order of forfeiture. Third, [under Rule 32.2(b)(3),] . . . at sentencing--or at any time before sentencing if the defendant consents--the order of forfeiture becomes final as to the defendant and must be made a part of the sentence and be included in the judgment.

United States v. Mitchell, No. 02-4618, 2003 WL 21757309, at *6 (4th Cir. July 31, 2003) (unpublished) (internal citations and quotations omitted). In Mitchell, the defendant sought to vacate an order of forfeiture entered against him because "it was never incorporated into the judgment of conviction and sentence." Id. at *5. The Fourth Circuit denied the defendant's requested relief because under the specific facts of the case, "the failure to incorporate the forfeiture order into the judgment of conviction and sentence was simply a ministerial error that did not seriously affect the fairness, integrity, or public reputation of judicial proceedings." Id. at *6. The court noted that the government provided the defendant with notice of the forfeiture in the indictment and the bill of particulars, and the district court complied with Rule 32.2 by determining what property was subject to forfeiture and entering a preliminary order of forfeiture prior to sentencing. Id.

The facts of Mitchell are distinguishable from the case at bar. In the case at bar, the government moved for a preliminary order of forfeiture subsequent to Gordy's sentencing. Gordy had received notice in the indictment and the superseding indictments and numerous bills of particulars that the government was seeking the forfeiture of property. Notably, the government never moved for the entry of a preliminary order of forfeiture prior to Gordy's sentencing and raised no issue regarding forfeiture at sentencing. Consequently, the court never determined what property was subject to forfeiture and did not enter a preliminary order of forfeiture prior to sentencing as required by Rule 32.2.

In United States v. Petrie, the United States Court of Appeals for the Eleventh Circuit held that the district court did not have jurisdiction to enter a preliminary order of forfeiture six months after sentencing. 302 F.3d 1280, 1284 (11th Cir. 2002). Further, in Ferrario-Pozzi, the United States Court of Appeals for the First Circuit held that the failure to enter a preliminary order of forfeiture until after sentencing was permissible under the facts of the case. The court concluded that the judgment incorporating forfeiture, while allowing the specific forfeiture amount to be determined at a later hearing, was permissible. 368 F.3d at 10-11. The court noted that "[f]ailing altogether to discuss forfeiture at the sentencing hearing is not the same . . . as purposefully postponing further elaboration on the topic so the defendant may have more time to negotiate with the government, and subsequently including what is thus far agreed upon in the written judgment." Id.

In the present case, forfeiture was not discussed at sentencing, and the judgment was silent regarding forfeiture. As such, the court may not enter a preliminary order of forfeiture and amend the judgment to incorporate the order of forfeiture subsequent to Gordy's sentencing because such action is in direct contravention to the clear requirements of Rule 32.2(b)(1) and (2).

Further, to the extent the government is arguing that the court should amend the judgment pursuant to Rule 36 of the Federal Rules of Criminal Procedure, this argument fails. Rule 36 states, "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." In United States v. Isaacs, the United States Court of Appeals for the Fourth Circuit held that pursuant to Rule 36 it was appropriate to

4

amend a judgment to "include an omitted reference to an order of forfeiture" that was executed by the court at the sentencing hearing. No. 03-4044, 2004 WL 362901, at *1 (4th Cir. Feb. 27, 2004) (unpublished). However, "Rule 36 . . . cannot be used . . . to make a substantive alteration to a criminal sentence." United States v. Pease, 331 F.3d 809, 812 (11th Cir. 2003).

In the present case, a preliminary order of forfeiture was never entered prior to sentencing. As such, at sentencing there was no final order of forfeiture to incorporate into the judgment, and the judgment is silent regarding forfeiture. The failure to determine what property was subject to forfeiture and to enter a preliminary order of forfeiture was not a clerical error or an error resulting from oversight or omission. Instead, to enter a preliminary order of forfeiture and amend the judgment to include the order would substantively alter Gordy's sentence. Therefore, based on the foregoing, the court cannot amend Gordy's judgment pursuant to Rule 36.

In addition, to the extent the government is arguing that the court should correct the judgment pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, this argument also fails. Rule 35(a) states that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." As noted above, the court's failure to include forfeiture as a part of Gordy's sentence did not result from an arithmetical, technical, or other clear error. Instead, the court did not enter a preliminary order of forfeiture prior to sentencing because the government never moved for a preliminary order of forfeiture prior to sentencing. Furthermore, the government never raised any issue regarding forfeiture at sentencing.

Further, Rule 35(a) provides a seven-day jurisdictional limit. United States v. Shank, 395 F.3d 466, 470 (4th Cir. 2005). As such, the court must rule on a Rule 35(a) motion within seven days of the court's oral pronouncement of sentencing. Id. at 470 n.5. After seven days, the court has no jurisdictional power to consider the motion. Id. at 470. Gordy was sentenced March 22, 2005, and the government did not file the instant motion until April 7, 2005. Therefore, the court cannot amend Gordy's judgment pursuant to Rule 35(a).[1] Based on the foregoing, the court cannot, subsequent to Gordy's sentencing, enter a preliminary order of forfeiture and amend the judgment to incorporate the order of forfeiture.

Therefore, it is

**ORDERED** that the government's motion for a preliminary order of forfeiture is denied.

**IT IS SO ORDERED.**

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
May 11, 2005

---

[1] The court notes that Gordy has appealed the judgment. "It is settled law that the appeal of a judgment in a criminal case deprives the district court of jurisdiction to amend the judgment (except for clerical errors pursuant to Rule 36 [of the Federal Rules of Criminal Procedure])." Pease, 331 F.3d at 816.

6